Davis, J.,
delivered the opinion of the court:
On the rehearing of this case, the facts found vary but little from those found at the hearing in the December term of 1876.
In May, 1863, the claimants’ agent, in his own name as owner, and without disclosing his agency, made a charter of the claim *47 ants’ vessel to the defendants by charter-party, executed in the nsnal manner, at an agreed compensation of $110 a day, the charter to continue during the defendants’ pleasure and until the vessel should be delivered back at the port of New York.
The claimants’ agent remained on the vessel in the character of superintendent and manager, and as apparent owner, and received the charter-money at the agreed rate, and receipted for the same as owner up to September 4,1803, after which time no payments were made until February, 1804.
On the 17th January, 1804, the defendants’ agent notified the claimants’ agent, as supposed owner, that from October 4,1803, to January 1, 1804, the charter-money would be reduced from $110 per day to $90 per day, and that after January 1, 1804, it would be reduced to $80 per day. This is the only notice of the reductions which the claimants or their agent appear to have received. The claimants’ agent, on receipt of this notice, without disclosing his agency, protested verbally against the reduction, and said that the vessel should not remain in the defendants’ service; but the vessel did remain in that service, notwithstanding such protest and declaration, up to the 15th July, 1805, without disclosure of the agency, and, so far as appears, without further dissent on the part of the claimants or of their agent. The agent accepted as owner the payment of compensation at the reduced rates, and as such owner gave the usual aquittance therefor in full.
The claimants now seek compensation for the use of the vessel at the rate originally stipulated in the charter-party — (1) for the term during which the defendants admit she was in their service, deducting therefrom the amounts already paid and received; (2) for the further period of 117 days, diuing winch the defendants maintain that she was out of their service by reason of accidents Avhich were at the owners’ risk.
At the former hearing, this court was of the opinion, on the authority of Clyde's Case (13 "Wallace, 35), that the claimants were not entitled to recover on the first of these claims; and as to the second claim, that the injury which resulted in laying up the steamer for 117 days was not a “war risk,” such as was assumed by the defendants in the charter-party, and such as would make them liable for the rent while the ins sel was disabled.
At the present hearing, little stress ivas laid upon the second *48 claim. It was not even suggested tbat tlie former conclusion of the court respecting it was erroneous. We think there is nothing in the facts as found warranting such a suggestion.
But as to the first claim, it has been urged upon us that the doctrine in Clyde’s Case has, since the former hearing in this case, been so modified and explained by the Supreme Court in Bostwick’s Case (94 U. S. R., 53*) as to make it our duty now to render judgment for the claimants on that claim.
In Clyde’s Case it was held, (1) that, where the charter of a vessel by the United States was terminable at their option, a quartermaster’s notice, parallel in every respect with the one in this case, operated to change the rate of the hiring of the vessel for the whole period covered by the notice, past as well as future, if acquiesced in by the owner; and (2) that the retention of the vessel with the owner’s permission after such notice and the owner’s acceptance of payment on the basis contended for by the government, were such evidence of acquiescence in the change of the rate as concluded him from making further demand.
. It is conceded that Clyde’s Case should control the disposition of the present one, unless we think Bostwick’s Case affects it. That case was a suit brought to recover rent alleged to be due on a hiring of real estate. The United States hired the premises in question for a term of one year at an agreed rent, with a privilege of extending the term to three years. Before the expiration of the first year they gave the owner notice of a diminution of rent; and the lessor accepted the reduction under protest, and receipted in full at that rate for so much of the original term as remained after the notice. The United States continued to occupy the premises for the two additional years atthe reduced rate, the lessor continuing to give receipts in full as payments were made. The suit was brought to recover, among other things, the balance of rent at the original rate for the whole period. It was held as to the arrears during the first year that the claimant might recover,-notwithstanding the payments and receipts in full, because it did not appear that the extension of the hiring beyond that year was the consideration for the reduction of the rent during a part of the first year, or that there was other consideration therefor; but that the receipts in full *49 were a bar to a recovery after tbe first year. Had it been shown, or could it have been assumed, that Rostwick’s intestate, Lovett, was moved to acquiesce in the reduction of the rent during the first year by the defendants agreeing to continue their occupation for two years more, the payments at the reduced rate and the receipt therefor in full during the first year, would undoubtedly have been sustained as a satisfaction.
We therefore find in Rostwick’s Case nothing to weaken the doctrines in Clyde’s Case as applied to the present case.
The views which we take render it unnecessary to consider whether the owner of a vessel can recover on a charter-party, finder seal, signed by his agent as absolute owner, with no disclosure of the agency or of the real ownership until after the termination of the service of the vessel, and after payment to the agent as owner, and the written acknowledgment by him of the receipt of payment in full.
The claimants’ petition must be dismissed.

 This caseisreportedinl2C. Cls.R., 67, asLoyett’s Case. Loyett, thelessor, died ponding the suit, and his administratrix was substituted in his stead.